IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| 7 IL Properties, LLC, | ) | Jury Trial Demanded |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | _____ |
| Gary Knight, and | ) | |
| Thor James, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff 7 IL Properties, LLC ("7 IL" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants Gary Knight ("Knight") and Thor James ("James") (collectively "Defendants") and shows the Court as follows:

## PARTIES

1.     Plaintiff 7 IL Properties, LLC is a Colorado limited liability company and the owner of real property located at 92 Fish Trap Road, Blue Ridge, Georgia ("Fish Trap Property") and 253 River Heights Road, Blue Ridge, Georgia ("River Heights Property"). Plaintiff's principal place of business is located at 503 North Main, Suite 429, Pueblo Colorado 81003. No member of Plaintiff is a citizen of the State of Georgia.

2.	Defendant Gary Knight is a resident of Georgia and the former owner/seller of the Fish Trap Property and the River Heights Property.

3.	Upon information and belief, Defendant Thor James is a resident of Georgia who executed and accepted an easement recorded against the River Heights Property after the federal court ordered specific performance, and who claims rights under the unlawfully recorded easement.

## JURISDICTION AND VENUE

4.	This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. This action arises from and is directly related to enforcement of, and post-judgment misconduct following, the federal court's prior judgment in *7 IL Properties, LLC v. Gary Knight*, Civil Action No. 2:21-cv-226-RWS, over which this Court exercised original jurisdiction.

5.	In the alternative, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.	This Court retains ancillary and supplemental jurisdiction to adjudicate claims necessary to protect, enforce, and give full effect to its prior judgment and orders.

7.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the real property that is the subject of this action is located within this District,

Defendant Knight resides within this District, and the acts and omissions giving rise to the claims occurred within this District.

## BACKGROUND

### I. Prior Federal Litigation

8.     This action arises out of, and follows, prior federal litigation styled *7 IL Properties, LLC v. Gary Knight*, Civil Action No. 2:21-cv-226-RWS, in the United States District Court for the Northern District of Georgia (the "Federal Action").

9.     In the Federal Action, after a jury trial and multiple dispositive orders, the federal court entered its order [Doc. 134] and final judgment [Doc. 135] awarding Plaintiff damages and ordering specific performance of the purchase and sale agreements for the Fish Trap Property and the River Heights Property. True and correct copies of the order and final judgment are attached hereto as **Exhibit "A" and "B"**, respectively, and incorporated herein by reference.

10.     The federal court's judgment conclusively established Plaintiff's superior rights to the properties and Defendant's obligation to convey the properties in compliance with the governing agreements and court orders.

11.     Plaintiff brings this action based solely on post-judgment conduct, post-closing breaches, and new, independent wrongful acts by Defendant that were not adjudicated in the Federal Action.

**II.** **Repair Obligations Arising from the Purchase and Sale Agreements**

12. The Purchase and Sale Agreements governing the Fish Trap Property and the River Heights Property (the "PSAs") required Defendant Knight, as seller, to preserve and maintain the properties in substantially the same condition through closing and to complete or remain responsible for certain repairs and conditions, including repairs identified during inspection and items Knight affirmatively agreed to address. True and correct copies of the PSAs, including all amendments, are attached hereto as **Exhibit "C" [River Heights] and Exhibit "D" [Fish Trap]**, respectively, and incorporated herein by reference. *See e.g.* Section Exs. C, D at 6 § C(3); Ex. C, Amend. 4; Ex. D, Amend. 3.

13. The federal court's order of specific performance enforced the PSAs as written and did not extinguish or waive Knight's seller-side repair obligations arising under those agreements.

14. In April 2021, prior to execution of the PSAs and as part of the transaction process, professional home inspections were performed on both the Fish Trap Property and the River Heights Property (the "2021 Inspections"). The 2021 Inspections identified numerous material deficiencies, including but not limited to structural issues, water intrusion, drainage failures, retaining wall defects, HVAC deficiencies, electrical safety issues, and exterior deterioration. True and correct

copies of the 2021 Inspections are attached hereto as **Exhibit "E" [River Heights] and "F" [Fish Trap]**, respectively, and incorporated herein by reference.

15.     As part of the PSAs and subsequent amendments, Defendant Knight expressly agreed to repair, correct, or remain responsible for specific items identified in the 2021 Inspections. These repair obligations were memorialized in writing and formed part of the bargained-for consideration under the PSAs.

16.     In May 2025, immediately prior to closing, Plaintiff obtained updated professional inspections of both properties (the "2025 Inspections"). The 2025 Inspections revealed that numerous items Knight had agreed to repair in 2021 were not repaired, were improperly repaired, or had materially worsened due to neglect. True and correct copies of the 2025 Inspections are attached hereto as **Exhibit "G" [River Heights] and "H" [Fish Trap]**, respectively, and incorporated herein by reference.

17.     The 2025 Inspections further identified new deficiencies attributable to Knight's failure to maintain the properties between 2021 and closing, including additional water intrusion, erosion, drainage failures, structural concerns with retaining walls, HVAC malfunctions, and electrical and safety hazards.

18.     Plaintiff provided Defendant Knight with detailed written notice of the outstanding and newly discovered deficiencies, including a comparative spreadsheet cross-referencing the 2021 and 2025 inspection findings, and demanded that Knight

complete the required repairs or escrow funds sufficient to cover the cost of remediation.

19. Defendant Knight failed and refused to complete the required repairs, failed to escrow funds to address deficiencies, and instead attempted to disclaim responsibility for obligations he had expressly agreed to perform, notwithstanding the Court's specific performance order and the survival provisions in the closing documents.

20. As a direct result of Knight's post-judgment and post-closing breaches, Plaintiff has incurred and continues to incur substantial costs to remediate the properties, address safety issues, and restore the properties to the condition required under the PSAs.

### III. Post-Judgment Recording of Unauthorized Easement

21. On or about March 17, 2025, after the federal court entered its order of specific performance and while Defendant Knight remained under a judicial obligation to convey marketable title in accordance with the PSAs, Defendant Knight executed and recorded an easement agreement in favor of Defendant Thor James (the "Unauthorized Easement"). A true and correct copy of the Unauthorized Easement is attached hereto as **Exhibit "I"** and incorporated herein by reference.

22. The Unauthorized Easement was recorded in the real property records of Fannin County, Georgia and purports to burden the River Heights Property with

access restrictions, use limitations, insurance obligations, indemnification provisions, enforcement rights, and other discretionary control rights materially inconsistent with Amendment 3 to the River Heights PSA.

23. The PSAs required that any easement benefiting adjacent properties be drafted by a Georgia-licensed attorney, mutually agreed upon by buyer and seller, and recorded at or before closing. The Unauthorized Easement was unilaterally drafted, executed, and recorded by Knight without Plaintiff's consent, without court approval, and without compliance with the PSA requirements.

24. The Unauthorized Easement was not prepared by a Georgia-licensed attorney.

25. The Unauthorized Easement materially impairs Plaintiff's title by restricting access rights, limiting categories of lawful users, imposing new insurance and indemnity obligations, reserving unilateral enforcement powers to Knight, and creating the false appearance that Defendant James holds enforceable rights superior or adverse to Plaintiff's ownership.

26. Defendant James accepted the easement with knowledge, or at minimum constructive notice, of the federal litigation, the specific performance order, and Plaintiff's superior ownership rights, and continues to claim rights under the unlawfully recorded instrument.

27. The recording and maintenance of the Unauthorized Easement constitute a continuing cloud on Plaintiff's title and were undertaken in bad faith, with the intent to interfere with Plaintiff's property rights and leverage post-judgment control over the River Heights Property.

**IV.** **Driveway Encroachment at 92 Fish Trap Road**

28. During the contract period and prior to the originally scheduled closing date in June 2021, Plaintiff learned that a portion of the concrete driveway and turn-around area serving the neighboring property known as 100 Fish Trap Road, also owned by Defendant Gary Knight at the time, encroached across the boundary line and onto the Fish Trap Property.

29. The encroachment was identified by a professional surveyor during pre-closing due diligence and was communicated directly to Defendant Knight, who personally attended an on-site meeting in April 2021 at which the encroachment was shown, explained, and discussed.

30. At all relevant times prior to closing, Defendant Knight owned both the encroaching property (100 Fish Trap Road) and the burdened property (92 Fish Trap Road) and therefore had exclusive knowledge of, and control over, the encroaching condition.

31. Defendant Knight was aware prior to closing that the driveway and related improvements serving 100 Fish Trap Road physically occupied a portion of

the Fish Trap Property and that any permanent resolution, whether by removal, easement, or boundary modification, would materially affect the Fish Trap Property and require Plaintiff's informed consent.

32. Despite this knowledge, Defendant Knight failed to cure the encroachment prior to closing, failed to convey marketable title free of encroachments as required by the Purchase and Sale Agreement, and failed to obtain Plaintiff's consent to any lawful encroachment or boundary adjustment.

33. Defendant Knight's failure to cure or lawfully resolve the encroachment prior to closing, and his subsequent conduct relating to access, use, or control of the encroaching driveway area, constitute post-judgment breaches, continuing interference with Plaintiff's property rights, and an ongoing impairment of Plaintiff's title and use of the Fish Trap Property.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT (POST-JUDGMENT REPAIRS)
**(Against Defendant Gary Knight)**

34. Plaintiff incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

35. The Purchase and Sale Agreements are valid and enforceable contracts.

36. Defendant Knight breached the PSAs after entry of judgment and after closing by failing to complete agreed-upon repairs, failing to maintain the Fish Trap

Property and the River Heights Property, and failing to deliver the properties in the condition required under the PSAs.

37. Defendant Knight's repair obligations expressly survived closing and were not extinguished, waived, or modified by the federal court's order of specific performance.

38. Plaintiff has suffered damages as a direct and proximate result of Defendant Knight's breaches, including remediation costs, repair expenses, loss of use, and diminution in value.

## COUNT II – SLANDER OF TITLE
### (Against All Defendants)

39. Plaintiff incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

40. Defendants knowingly recorded and continue to maintain the Unauthorized Easement, which falsely purports to burden Plaintiff's title and convey enforceable rights adverse to Plaintiff's ownership.

41. The Unauthorized Easement was recorded without legal authority, without Plaintiff's consent, and in violation of the PSAs and the federal court's specific performance order.

42. The recording was malicious, wrongful, and undertaken in bad faith.

43. Plaintiff has suffered special damages as a direct and proximate result of the recording and maintenance of the Unauthorized Easement, including

attorneys' fees incurred to clear title, title impairment, remediation costs, and interference with the use and marketability of the River Heights Property.

## COUNT III – DECLARATORY RELIEF
**(Against All Defendants)**

44. Plaintiff incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

45. An actual and justiciable controversy exists between Plaintiff and Defendants regarding the validity, enforceability, and legal effect of the Unauthorized Easement recorded against the River Heights Property.

46. Plaintiff seeks a declaration pursuant to 28 U.S.C. §§ 2201–2202 that the Unauthorized Easement is void, unenforceable, of no legal force or effect, and does not burden Plaintiff's title or property rights.

## COUNT IV – QUIET TITLE / QUIA TIMET
**(O.C.G.A. § 23-3-40, ET SEQ)**
**(Against All Defendants)**

47. Plaintiff incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

48. Plaintiff is the owner in fee simple of the River Heights Property. A true and correct copy of the Warranty Deed conveying property to Plaintiff is attached hereto as **Exhibit "J"** and incorporated herein by reference.

49. Defendant Gary Knight executed and recorded, and Defendant Thor James accepted and claims rights under the Unauthorized Easement, which purports to burden the River Heights Property.

50. The Unauthorized Easement was recorded without Plaintiff's consent, without legal authority, in violation of the governing Purchase and Sale Agreement, and contrary to the federal court's order of specific performance.

51. The Unauthorized Easement is invalid, void, and inequitable, and constitutes an iniquitous writing within the meaning of O.C.G.A. § 23-3-40.

52. The Unauthorized Easement casts a continuing cloud upon Plaintiff's title, impairs the marketability of the River Heights Property, and subjects Plaintiff to present annoyance and the risk of future claims, liabilities, and interference with its ownership rights.

53. The continued existence of the Unauthorized Easement in the public records materially prejudices Plaintiff's title and cannot be adequately remedied at law.

54. Plaintiff is therefore entitled, pursuant to O.C.G.A. § 23-3-40, to equitable relief *quia timet* requiring that the Unauthorized Easement be delivered up, canceled, and removed from the public records in order to afford Plaintiff complete and perfect protection of its title.

55. Plaintiff further seeks a decree quieting title to the River Heights Property in Plaintiff and barring Defendants, and all persons claiming through them, from asserting any right, title, interest, or claim under the Unauthorized Easement.

## COUNT V – INJUNCTIVE RELIEF
### (Against All Defendants)

56. Plaintiff incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

57. Defendants' recording and continued assertion of rights under the Unauthorized Easement constitute ongoing and irreparable harm to Plaintiff's property rights, including impairment of title, loss of use, and interference with marketability.

58. Plaintiff has no adequate remedy at law to cure the continuing cloud on title and ongoing interference caused by the Unauthorized Easement.

59. Plaintiff seeks preliminary and permanent injunctive relief requiring Defendants to remove the Unauthorized Easement from the public records and enjoining Defendants from asserting any rights or claims thereunder.

## COUNT VI – EJECTMENT (O.C.G.A. § 44-11-1 *et. seq.*)
### (Against Defendant Gary Knight)

60. Plaintiff incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

61. Plaintiff is the lawful owner of the Fish Trap Property. A true and correct copy of the Warranty Deed conveying property to Plaintiff is attached hereto as **Exhibit "K"** and incorporated herein by reference.

62. Defendant Gary Knight, without lawful right or authority, has caused and continues to cause a portion of the concrete driveway and turn-around area serving the neighboring property located at 100 Fish Trap Road to encroach upon and occupy a portion of the Fish Trap Property.

63. The encroaching driveway and turn-around area constitute an unlawful intrusion and continuing trespass upon Plaintiff's property and deprive Plaintiff of the exclusive possession and use of its land.

64. Defendant Knight has no valid easement, license, boundary adjustment, or other legal right permitting the driveway encroachment onto the Fish Trap Property.

65. Plaintiff is entitled to immediate and exclusive possession of the portions of the Fish Trap Property presently occupied by Defendant Knight's encroaching driveway and improvements.

66. Plaintiff seeks ejectment pursuant to O.C.G.A. § 44-11-1 et seq., including an order requiring Defendant Knight to remove the encroaching driveway and related improvements and to surrender possession of the encroached-upon portions of the Fish Trap Property to Plaintiff.

## COUNT VII – BREACH OF WARRANTY OF TITLE
### (Against Defendant Gary Knight)

67.     Plaintiff incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

68.     Defendant Knight conveyed the River Heights Property to Plaintiff by Limited Warranty Deed containing covenants of title, including covenants against encumbrances and for quiet enjoyment.

69.     During his ownership of the River Heights Property and prior to conveyance, Defendant Knight executed and recorded the Unauthorized Easement purporting to burden the Property.

70.     The Unauthorized Easement constitutes an encumbrance created by Defendant Knight during his ownership and is inconsistent with the warranties contained in the deed.

71.     Defendant Knight thereby breached the covenants of title, including the covenant against encumbrances and the covenant of quiet enjoyment.

72.     Plaintiff has suffered damages as a result of Defendant Knight's breach of warranty, including but not limited to diminution in value, title impairment, and costs incurred to remove the encumbrance.

73.     Plaintiff is entitled to recover all damages recoverable under Georgia law for breach of warranty of title.

74. Plaintiff incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

75. Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense, including through the post-judgment recordation and maintenance of the Unauthorized Easement and refusal to honor contractual and court-ordered obligations.

76. Plaintiff is entitled to recover its reasonable attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff 7 IL Properties, LLC respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendants on all Counts;

B. Declare that the Unauthorized Easement recorded against the River Heights Property is void, unenforceable, and of no legal force or effect;

C. Enter a decree quieting title to the River Heights Property in Plaintiff pursuant to O.C.G.A. § 23-3-40 and ordering the Unauthorized Easement delivered up, canceled, and removed from the public records of Fannin County, Georgia;

D. Grant preliminary and permanent injunctive relief prohibiting Defendants from asserting any right, title, or interest under the Unauthorized Easement;

E. Award Plaintiff compensatory damages resulting from Defendant Gary Knight's post-judgment breaches of the Purchase and Sale Agreements and breach of warranty of title, including but not limited to remediation costs, diminution in value, loss of use, and title-related damages;

F. Award Plaintiff special damages resulting from Defendants' slander of title, including attorneys' fees incurred to clear title, impairment of marketability, and other out-of-pocket losses proximately caused by the wrongful recordation and maintenance of the Unauthorized Easement;

G. Grant ejectment against Defendant Gary Knight requiring removal of the encroaching driveway and related improvements from the Fish Trap Property and restoring Plaintiff to exclusive possession;

H. Award Plaintiff its reasonable attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11;

I. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

J. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of April, 2026.

/s/ Brian S. Goldberg
Brian S. Goldberg
Georgia Bar No. 128007
Andrew Pinter

Buchalter LLP
3475 Piedmont Rd NE, Suite 1100
Atlanta, GA 30305
Telephone: (404) 832-7667
Email: bgoldberg@buchalter.com

Counsel for Plaintiff
7 IL Properties, LLC