**Revised Easement Agreement**
**STATE OF GEORGIA**
**COUNTY OF FANNIN**

Doc ID: 003047370005 Type: EASE
Recorded: 03/17/2025 at 04:50:00 PM
Fee Amt: $25.00 Page 1 of 5
Fannin Co. Clerk of Superior Court
DANA CHASTAIN Clerk of Courts
BK **1642** PG **278-282**

## Easement

This Easement Agreement (hereinafter referred to as the "Easement") is made this day of March 17th, 2025 between Gary Knight ("Grantor") and Thor A. James ("Grantee").

**RECITALS**

WHEREAS, Grantor is the owner of certain real property located in the 8th District, 2nd Section, Land Lot 80, Fannin County, Georgia, described as follows:
- Lot 14 of Toccoa Heights, Phase 2, containing 1.65 acres, more or less, per plat by Shelly J. Bishop, GRLS No. 2536, dated May 10, 2002, recorded in Plat Hanger C-325, Pages 3-6, Fannin County Records, to which reference is hereby made for a more complete and accurate legal description.
- Lot 15 of Toccoa Heights, Phase 2, containing 1.81 acres, more or less, per plat by Shelly J. Bishop, GRLS No. 2536, dated May 10, 2002, recorded in Plat Hanger C-325, Pages 3-6, Fannin County Records, to which reference is hereby made for a more complete and accurate legal description and a recorded survey dated October 10, 2007 by Joel Jordan entitled Survey for Gary Knight of Lot 15 Toccoa Heights S/D Phase 2.

WHEREAS, Grantee is the owner of certain real property located in the 8th District, 2nd Section, Land Lot 80, Fannin County, Georgia, described as follows:
- Lot 16 and a portion of Lot 17 of Toccoa Heights, Phase 2, containing 1.44 acres, more or less, per plat by Joel Jordan, GRLS No. 2430, dated November 15, 2005, recorded in Plat Book E5, Page 7, Fannin County Records, to which reference is hereby made for a more complete and accurate legal description.

WHEREAS, the above-described properties (Lots 14, 15, and 16) are operated as cabin rentals for overnight guests, and Grantor previously established pedestrian paths across these lots for such use;

WHEREAS, Grantor now agrees to grant permanent access to Grantee, subject to the terms herein, which are designed to preserve Grantor's rights and interests while benefiting the respective lands.

NOW, THEREFORE, for and in consideration of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **Grant of Easement (Gated Path - Lot 14)**

- Grantor hereby grants to Grantee a non-exclusive, perpetual easement over a gated path, not to exceed ten (10) feet in width, commencing at the current gated path. Grantor at a future date can relocate gated path at a point on Lot 14 designated solely by Grantor, across the railroad tracks (subject to Paragraph 4), crossing to the 0.60 acre parcel of Lot 14 lying on the north side of the tracks, then along a 10' path crossing Lots 14 & 15, (this path is indicated on the recorded plats for Lots 15 and 16) then ending at the property of Grantee. Said easement shall be for foot-use only for overnight guests of Grantee, and for ATV & foot-use for Grantee as owner.
- Use of this easement is restricted to:
  (a) ATV use only by the owner or owners of Lot 15 or Lot 16, between the hours of 9:00 AM and 8:00 PM daily, solely for the purpose of transporting supplies or items to the river; such ATV use is not permitted as a recreational trail.
  (b) Pedestrian access only by the owners of Lot 15, or Lot 16, their heirs, successors, and assigns, and overnight guests staying at Lot 15, or Lot 16, between the hours of 9:00 AM and 8:00 PM daily.
  (c) Any use of an ATV on the gated path that violates the restrictions in Paragraph 1(a) by Grantee or his guests shall constitute misuse. In the event of such misuse, the Grantor shall provide Grantee written notice of the alleged misuse and a fifteen (15) day period to cure the violation or demonstrate compliance. If the misuse persists or is not cured within this period, the parties agree to resolve any disputes through mediation or, if necessary, through the courts of Fannin County, Georgia. Any revocation of Grantee's ATV use privileges must be ordered by a court of competent jurisdiction after a finding of material breach. The Grantor may seek actual damages for any harm caused by the misuse.
- No agents, invitees, or other persons, including owners of other properties in Toccoa Heights are permitted to use this easement without prior written approval from Grantor.
- This easement shall be appurtenant to and run with the land of Lots 14, 15, and 16.

## 2. Secondary Path Access (Stairs - Lot 15)

- Grantor grants Grantee a non-exclusive, perpetual easement over an existing set of stairs on Lot 15, not to exceed five (5) feet in width, providing access to the bottom of the stairs near the railroad tracks, for pedestrian use only by the owners of Lot 14, Lot 15, or Lot 16, their heirs, successors, and assigns, and overnight guests staying at Lot 14, Lot 15, or Lot 16, between the hours of 7:00 AM and 11:00PM daily.
- No agents, invitees, or other persons, including owners of other properties in Toccoa Heights Phase 1 or Phase 2, are permitted to use this easement.
- This easement shall be appurtenant to and run with the land of Lots 14, 15, and 16.

3. **Third Path Access (Reciprocal Path)**
   - o Grantor and Grantee grant to each other a non-exclusive, perpetual easement over an existing footpath beginning near Grantee's southern boundary, crossing primarily Grantee's property and minimally onto Grantor's property (Lot 15), as shown on the plat recorded in Plat Book E5, Page 7, providing access to the railroad tracks. This path is limited to pedestrian use only by the owners of Lot 14, Lot 15, or Lot 16, their heirs, successors, and assigns, and overnight guests staying at Lot 14, Lot 15, or Lot 16, between the hours of 9:00 AM and 9:00 PM daily.
   - o No agents, invitees, or other persons, including owners of other properties in Toccoa Heights, are permitted to use this easement.
   - o This easement shall be appurtenant to and run with the lands of both parties.

4. **Railroad Crossing Conditions**
   - o Use of the easement across the railroad tracks is subject to the Private Road Grade Crossing Agreement dated September 1, 2016, between Georgia Northeastern Railroad Company LLC and others. Grantee, Grantee's heirs, successors, and assigns shall bear sole responsibility for complying with all terms of the Crossing Agreement. Only the owners of Lots 14, 15, and 16 and their overnight guests, as expressly permitted under this easement, are authorized to use the railroad crossing. No other persons, including but not limited to agents, invitees, or owners of other properties in Toccoa Heights, may use the crossing under this easement, ensuring compliance with the restricted-use provisions of Article 2.3 of the Private Road Grade Crossing Agreement dated September 1, 2016.
   - o If the owners of Lot 15 or Lot 16, or their overnight guests, cause the railroad crossing to be removed (whether through negligence, violation of the Crossing Agreement, or otherwise), such owners shall be jointly and severally responsible for all legal costs, fees, and expenses incurred to restore the crossing to its prior condition, including but not limited to attorney fees, permitting costs, and construction expenses. Grantor shall have no obligation to contribute to such costs.
   - o In addition, if such removal results from willful misconduct or gross negligence by the owners of Lot 15 or Lot 16, or their overnight guests, punitive damages may be sought against the responsible parties in an amount determined by a court of competent jurisdiction, in addition to restoration costs, to deter such conduct and compensate for the loss of access.

5. **Insurance Requirements**
   - o As a condition precedent to any use of the easements granted herein, Grantee, Grantee's heirs, successors, and assigns shall procure and maintain a Comprehensive General Liability insurance policy with a minimum limit of Five

Million Dollars ($5,000,000) per occurrence to cover the railroad crossing and easement areas.

- Grantor (Gary Knight) and his heirs, successors, and assigns shall be named as additional insured on said policy. Grantee shall mail a certificate of insurance to the owner of Lot 14 upon request and annually upon renewal of the insurance policy, confirming coverage and Grantor's status as an additional insured. Failure to maintain this insurance or provide the required certificate shall suspend all rights to use the easements until compliance is restored.

6. **Maintenance and Costs**
   - Grantee, Grantee's heirs, successors, and assigns shall be solely responsible for maintaining the gated path and third path easement areas in good condition and repair, including clearing debris, repairing erosion, and ensuring safe passage. Grantor shall have no obligation to contribute to these costs.
   - Grantee shall promptly repair any damage to the gated path or third path caused by Grantee's guests or negligence, at Grantee's sole expense. Damage to the stairs caused by any party's guests or negligence shall be repaired by the responsible party at their sole expense.

7. **Liability and Indemnification**
   - Grantee assumes all liability for injuries, damages, or losses occurring within the gated path and third path easement areas and shall indemnify and hold Grantor harmless from any claims arising from Grantee's guests' use or Grantee's management of the property.

8. **Restriction on Other Owners**
   - Notwithstanding any other provision, owners of properties in the Toccoa Heights subdivision, other than Lots 14, 15, and 16, are expressly prohibited from using any easement described herein, regardless of their ownership status or relationship to the parties.

9. **Binding Effect**
   - This Easement shall be appurtenant to and run with the lands of both parties, binding and inuring to the benefit of Grantor, Grantee, their heirs, successors, and assigns, subject to the terms herein.

10. **Footpath Use Restrictions and Dispute Resolution**
    - Use of the footpaths described in Paragraphs 1, 2, and 3 by overnight guests of Grantee (Paragraph 1) or by owners, their heirs, successors, assigns, and overnight guests (Paragraphs 2 and 3) is restricted. Any use involving loud, abusive, or disruptive language or behavior—defined as excessive noise exceeding reasonable levels (e.g., shouting audible beyond the immediate path), profanity or threats directed at others, or actions disturbing the peace—shall constitute a violation. The Grantor may notify the Grantee in writing of any alleged violation, providing a copy of any incident report filed with the Fannin County Sheriff's Office. The Grantee shall have fifteen (15) days to cure the violation or dispute the claim. If the violation is not cured or if there is a dispute, the parties shall engage in non-binding mediation to resolve the issue. If

mediation does not resolve the dispute, either party may seek a court order to determine if the behavior constitutes a violation and, if so, what appropriate remedies are available, including but not limited to injunctive relief or damages. Any revocation of pedestrian access rights must be ordered by a court of competent jurisdiction after a finding of material breach. The Grantor may seek actual damages for any harm caused by the violation.

**IN WITNESS WHEREOF**, the parties have executed this Easement on the date first above written.

Sworn to and subscribed
Before me this /7th day
of March, 2025

Gary Knight

_____
Witness

_____ 03/17/2025
Notary Public

Sworn to and subscribed
Before me this /7th day
of March, 2025

Thor A. James

_____
Witness

_____ 03/17/2025
Notary Public