# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| 7 IL PROPERTIES, LLC, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| V. | ) | 2:26-CV-00113-RWS |
| | ) | |
| GARY KNIGHT, AND | ) | |
| THOR JAMES, | ) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANTS. | ) | |

## DEFENDANT THOR JAMES' ANSWER TO COMPLAINT

COMES NOW, Defendant Thor James ("James"), by and through undersigned counsel, and answers the Complaint filed by Plaintiff 7 IL Properties, LLC ("Plaintiff"), as follows:

## GENERAL DENIAL

Defendant James denies all allegations and averments contained in the Complaint, except such allegations and averments as are specifically admitted herein. All capitalized terms utilized herein and not defined herein, but defined in the Complaint, shall have the definition ascribed to in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant James upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant James shows that the injuries allegedly suffered by the Plaintiff were not proximately caused by Defendant James.

## THIRD AFFIRMATIVE DEFENSE

The incidents giving rise to Plaintiff's Complaint were caused by the acts or omissions of persons or entities other than Defendant James.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff had actual or constructive notice of Defendant James' easement prior to the conveyance of the subject property.

## SIXTH AFFIRMATIVE DEFENSE

Defendant James shows that the easement at issue in this action does not interfere with Plaintiff's rights, burden the subject property, or affect Plaintiff's use and enjoyment of the subject property.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, release, and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant James shows that the easement at issue in this action is necessary for Defendant James' access, ingress, or egress.

## NINTH AFFIRMATIVE DEFENSE

Defendant James reserves the right to assert any and all additional affirmative defenses not pled herein that may be revealed in discovery.

## RESPONSES TO ENUMERATED PARAGRAPHS

Subject to, and without waiving any of his rights, defenses, or objections, Defendant James responds to the specific allegations contained in Plaintiff's Complaint as follows:

## PARTIES

1.    Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 1 and therefore denies the same.

2.    Defendant James admits only that Defendant Knight owned the River Heights Property. In further response, Defendant James is without knowledge or information to respond to the remaining allegations contained in Paragraph 2 and therefore denies the same.

3.    Defendant James admits only that he is a resident of Georgia who executed and accepted an easement recorded against the River Heights Property and accordingly claims such property rights under the easement. In further response,

Defendant James is without knowledge or information to respond to the remaining allegations contained in Paragraph 4 and therefore denies the same.

## JURISDICTION AND VENUE

4.      Admitted, upon information and belief.

5.      Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 5 and therefore denies the same.

6.      Paragraph 6 of Plaintiff's Complaint contains a legal conclusion which requires no response.

7.      Admitted, upon information and belief.

## BACKGROUND

**I.      Prior Federal Litigation**

8.      Admitted, upon information and belief.

9.      Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 9 and therefore denies the same. In further response, the order and final judgment contained in Exhibits "A" and "B" to Plaintiff's Complaint speak for themselves, and no response is required on the part of Defendant James.

10.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 10 and therefore denies the same.

11.     Defendant James denies all allegations of wrongdoing contained in Paragraph 11. In further response, Defendant James is without knowledge or

information to respond to the remaining allegations contained in Paragraph 11 and therefore denies the same.

## II.    Repair Obligations Arising from the Purchase and Sale Agreements

12.    Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 12 and therefore denies the same. In further response, the PSAs contained in Exhibits "C" and "D" to Plaintiff's Complaint speak for themselves, and no response is required on the part of Defendant James.

13.    Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 13 and therefore denies the same.

14.    Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 14 and therefore denies the same. In further response, the 2021 Inspections contained in Exhibits "E" and "F" to Plaintiff's Complaint speak for themselves, and no response is required on the part of Defendant James.

15.    Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 15 and therefore denies the same.

16.    Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 16 and therefore denies the same. In further response, the 2025 Inspections contained in Exhibits "G" and "H" to Plaintiff's

Complaint speak for themselves, and no response is required on the part of Defendant James.

17.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 17 and therefore denies the same.

18.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 18 and therefore denies the same.

19.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 19 and therefore denies the same.

20.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 20 and therefore denies the same.

### III.     Post-Judgment Recording of Unauthorized Easement

21.     Defendant James admits only that he executed an easement agreement with Defendant Knight which was recorded on or about March 17, 2025. Defendant James is without knowledge or information to respond to the remaining allegations contained in Paragraph 21 and therefore denies the same. In further response, the easement contained in Exhibit "I" to Plaintiff's Complaint speaks for itself, and no response is required on the part of Defendant James.

22.     Defendant James admits only that his easement agreement with Defendant Knight was recorded in the real property records of Fannin County, Georgia and contains provisions governing access, use, insurance obligations,

6

indemnification, and enforcement rights, among others. Defendant James is without knowledge or information to respond to the remaining allegations contained in Paragraph 22 and therefore denies the same.

23. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 23 and therefore denies the same.

24. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 24 and therefore denies the same.

25. Denied as pled.

26. Defendant James admits only that he asserts rights to the River Heights Property in accordance with the easement agreement executed between Defendant James and Defendant Knight. Defendant James denies the remaining allegations contained in Paragraph 26.

27. Denied.

**IV.   Driveway Encroachment at 92 Fish Trap Road**

28. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 28 and therefore denies the same.

29. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 29 and therefore denies the same.

30. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 30 and therefore denies the same.

31. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 31 and therefore denies the same.

32. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 32 and therefore denies the same.

33. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 33 and therefore denies the same.

## CAUSES OF ACTION
## COUNT I – BREACH OF CONTRACT (POST-JUDGMENT REPAIRS)
### (Against Defendant Gary Knight)

34. Defendant James incorporates by reference his responses and defenses to Paragraphs 1 through 33 as if fully set forth herein.

35. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 35 and therefore denies the same.

36. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 36 and therefore denies the same.

37. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 37 and therefore denies the same.

38. Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 38 and therefore denies the same.

## COUNT II – SLANDER OF TITLE
### (Against All Defendants)

39.    Defendant James incorporates by reference his responses and defenses to Paragraphs 1 through 33 as if fully set forth herein.

40.    Denied as pled.

41.    Denied as pled.

42.    Denied.

43.    Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 43 and therefore denies the same.

## COUNT III – DECLARATORY RELIEF
### (Against All Defendants)

44.    Defendant James incorporates by reference his responses and defenses to Paragraphs 1 through 33 as if fully set forth herein.

45.    Denied as pled.

46.    Paragraph 46 of Plaintiff's Complaint contains a conclusory statement which requires no response. To the extent that a response is required, this Defendant denies that Plaintiff is entitled to the declaratory relief sought.

## COUNT IV – QUIET TITLE / QUIA TIMET
### (O.C.G.A. § 23-3-40, ET SEQ)
### (Against All Defendants)

47.     Defendant James incorporates by reference his responses and defenses to Paragraphs 1 through 33 as if fully set forth herein.

48.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 48 and therefore denies the same. In further response, the warranty deed contained in Exhibit "J" to Plaintiff's Complaint speaks for itself, and no response is required on the part of Defendant James.

49.     Defendant James admits only that an easement agreement relating to the River Heights Property was executed and recorded between Defendant James and Defendant Knight, under which Defendant James asserts property rights. In further response, Defendant James denies the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Denied as pled.

51.     Denied.

52.     Denied as pled.

53.     Denied as pled.

54.     Denied.

55.     Defendant James denies that Plaintiff is entitled to the relief as pled in Paragraph 55.

## COUNT V – INJUNCTIVE RELIEF
### (Against All Defendants)

56.    Defendant James incorporates by reference his responses and defenses to Paragraphs 1 through 33 as if fully set forth herein.

57.    Denied.

58.    Denied.

59.    Defendant James denies that Plaintiff is entitled to the relief as pled in Paragraph 59.

## COUNT VI – EJECTMENT (O.C.G.A. § 44-11-1 *et. seq.*)
### (Against Defendant Gary Knight)

60.    Defendant James incorporates by reference his responses and defenses to Paragraphs 1 through 33 as if fully set forth herein.

61.    Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 61 and therefore denies the same. In further response, the warranty deed contained in Exhibit "K" to Plaintiff's Complaint speaks for itself, and no response is required on the part of Defendant James.

62.    Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 62 and therefore denies the same.

63.    Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 63 and therefore denies the same.

11

64.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 64 and therefore denies the same.

65.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 65 and therefore denies the same.

66.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 66 and therefore denies the same.

## COUNT VII – BREACH OF WARRANTY OF TITLE
### (Against Defendant Gary Knight)

67.     Defendant James incorporates by reference his responses and defenses to Paragraphs 1 through 33 as if fully set forth herein.

68.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 68 and therefore denies the same.

69.     Defendant James admits only that an easement agreement between Defendant James and Defendant Knight regarding the River Heights Property was executed and recorded. In further response, Defendant James is without knowledge or information to respond to the remaining allegations contained in Paragraph 69 and therefore denies the same.

70.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 70 and therefore denies the same.

71.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 71 and therefore denies the same.

72.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 72 and therefore denies the same.

73.     Defendant James is without knowledge or information to respond to the allegations contained in Paragraph 73 and therefore denies the same.

## COUNT VIII – ATTORNEYS FEES (O.C.G.A. § 13-6-11)
### (Against All Defendants)

74.     Defendant James incorporates by reference his responses and defenses to Paragraphs 1 through 33 as if fully set forth herein.

75.     Denied.

76.     Denied.

## JURY TRIAL DEMANDED

77.     Defendant James hereby joins Plaintiff's demands for a trial by jury on all issues so triable as a matter of right.

## PRAYER FOR RELIEF

78.     Defendant James hereby denies that Plaintiff is entitled to relief as prayed in its Complaint.

WHEREFORE, Defendant James respectfully requests that:

1) The Complaint be dismissed with prejudice;

2) That judgment be entered in Defendant James favor against Plaintiff;

3) That Defendant James may have a trial by jury;

13

4) That Defendant James recover his attorney's fees and costs from

Plaintiff; and

5) That Defendant James be awarded such other relief as the Court

deems just and equitable.

Respectfully submitted this 8th day of May 2026.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

3414 Peachtree Road NE, Ste 1500
Atlanta, GA 30326
(478) 765-1823 Telephone
(404) 221-6501 Facsimile
PO Box 5047
Macon, GA 31208-5047
icadle@bakerdonelson.com
ckapperman@bakerdonelson.com
kpfeifer@bakerdonelson.com
kisley@bakerdonelson.com

*/s/ Ivy N. Cadle*
Ivy N. Cadle, Esq.
Georgia Bar No. 353227
Cameron A. Kapperman, Esq.
Georgia Bar No. 371109
Kayla L. Pfeifer, Esq.
Georgia Bar No. 142836
Kaitlynn L. Isley, Esq.
Georgia Bar No. 441140
*Attorneys for Defendant Thor James*

14

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the within and foregoing ***Defendant Thor James' Answer to Complaint*** by filing same with the Clerk of Court using the Court's ECF system which will automatically send a copy to the following counsel of record:

> Brian S. Goldberg
> Andrew Pinter
> Buchalter LLP
> 3475 Piedmont Rd NE, Suite 1100
> Atlanta, GA 30305
> bgoldberg@buchalter.com
> *Attorneys for Plaintiff*

Respectfully submitted this 8th day of May 2026.

> **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
>
> */s/ Ivy N. Cadle*
> Ivy N. Cadle, Esq.
> Georgia Bar No. 353227
> icadle@bakerdonelson.com
> *Attorney for Defendant Thor James*

15